**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 18-CR-167-GKF |
| | ) | |
| Plaintiff, | ) | **SUPERSEDING INDICTMENT** |
| | ) | [COUNTS 1 through 3: 42 U.S.C. |
| v. | ) | § 1320a-7b(b)(1)(A) – Illegal |
| | ) | Remuneration for Health Care |
| ADAM GALLARDO | ) | Referrals; |
| ARREDONDO, | ) | COUNT 4: 18 U.S.C. § 1035(a)(1) – |
| | ) | False Statements Relating to Health |
| Defendant. | ) | Care Matters; |
| | ) | Forfeiture Allegation: 18 U.S.C. |
| | ) | § 982(a)(7) – Health Care Forfeiture] |

**JOINT MOTION TO DECLARE CASE COMPLEX**
**AND MOTION TO CONTINUE JURY TRIAL**
**AND TO ISSUE NEW SCHEDULING ORDER**

The United States of America, by and through its attorney, Melody Noble Nelson, and Defendant Adam Gallardo Arredondo, by and through his attorneys, Michael P. Gibson and Matthew Paul Swain, moves the Court to find that this is a complex case requiring extended litigation under the provisions of the Speedy Trial Act, 18 U.S.C. §3161(h)(7)(B)(ii). In addition, the parties request that the Court strike the jury trial currently set for October 15, 2018 (Dkt. #11) and set a status conference to determine a new trial date and adopt a new scheduling order. In support of this motion, the parties submit the following for the Court's consideration:

1. On August 8, 2018, a federal Grand Jury returned an Indictment charging Mr. Arredondo with two counts of receipt of kickbacks in violation of 42 U.S.C. §

1320a-7b(b)(1)(A), the Medicare Anti-kickback Act. Mr. Arredondo made his initial appearance and was arraigned on August 30, 2018. (Dkt. #15).

2. On September 7, 2018, the Grand Jury returned a Superseding Indictment adding two additional counts in violation of 42 U.S.C. § 1320a-7b(b)(1)(A), the Medicare Anti-kickback Act and one count of false statement relating to health care matters, in violation of 18 U.S.C. § 1035(a)(1), as well as forfeiture allegations. (Dkt. #17). Mr. Arredondo's arraignment on the superseding indictment is scheduled for September 19, 2018.

3. The charges against Mr. Arredondo stem from a four-year investigation of a compounding pharmacy previously located in the Northern District of Oklahoma.

4. The Government has provided counsel for Mr. Arredondo a hard drive with 51,285 files, containing approximately 226,379 pages of discovery. Due to the length and complexity of the investigation and the amount of discovery provided to counsel for Mr. Arredondo, a ruling that the case is complex is necessary to allow Defendant and his counsel adequate time to review, organize and analyze discovery.

5. Mr. Arredondo and one of his attorneys, Michael Gibson, live in Texas. The witnesses in this case live in Oklahoma and Texas, thus requiring travel to interview witnesses and gather any documents for Mr. Arredondo's defense.

6. The parties agree that this is not a typical case in federal district court. The Speedy Trial Act contains statutory provisions to address the atypical, complex case based on the quantity of discovery and the complexity of the case. 18 U.S.C. §3161(h)(7)(B)(ii) states:

(B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:

\* \* \*

(ii) Whether the case is so unusual or complex due to… the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

7. For the reasons set forth above, this case will require an above-average amount of time to allow counsel to prepare for trial. In addition, Mr. Arredondo's lead counsel, Michael Gibson, has multiple upcoming trials set in the Northern District: United States vs. Martin Salvador Rodriquez, Case No. 3:16-CR-00536-L, set for a two-week trial beginning on January 22, 2019; United States vs. Jacobo Geissler, Case No. 3:15-CR-496-L, set for an eight-week trial beginning on March 6, 2019; and United States vs. Dehshid Nourian, Case No. 3:15-CR-496-L, set for a six-week trial beginning on June 10, 2019.

8. Both parties request that this Court find this case to be complex within the meaning of the Speedy Trial Act. Further, the parties request the Court vacate the present scheduling dates and schedule a status conference to adopt an appropriate scheduling order.

9. A proposed order has been submitted to the Clerk of the Court as required by Local Criminal Rule 47.3.

WHEREFORE, the parties request that the Court vacate the present scheduling dates and set this matter for a status conference to enable the parties to jointly discuss and review with the Court a scheduling order that will reasonably permit defense counsel time to adequately prepare for pretrial motions, hearings, and jury trial.

Respectfully submitted,

R. TRENT SHORES
UNITED STATES ATTORNEY

*/s/ Melody Noble Nelson*
Melody Noble Nelson, OBA NO. 16467
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma  74103
(918) 382-2700

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of September, 2018, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Michael P. Gibson
Matthew Paul Swain

*/s/ Melody Noble Nelson*
Assistant United States Attorney